UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS TEMPLE,<br><br>    Defendant. | Case No. 18-cr-20604<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND AND DENYING MOTION TO VACATE SENTENCE [69, 73]**

The law changed three days after Marcus Temple pleaded guilty to participating in a drug conspiracy. As a result, he did not qualify as a career offender. So his sentencing guidelines range was 41 to 51 months, rather than 151 to 188 months as the government was expecting. The presiding district judge varied upward and sentenced Temple to 84 months in prison. Temple did not file a direct appeal. Instead, he moves pro se to vacate his sentence pursuant to 28 U.S.C. § 2255. But his claims are either procedurally defaulted or lack merit. The motion is DENIED.

**I.**

**A.**

The Warren Police Department conducted a number of undercover purchases of crack cocaine and heroin from Marcus Temple in May and June of 2018. (ECF No. 53, PageID.126.) Temple was ultimately charged in a multi-count indictment with conspiracy to distribute and possess with intent to distribute heroin and crack cocaine and eight substantive counts of distribution of heroin and crack cocaine. (ECF No. 1.)

In time, Temple pled guilty, pursuant to a Rule 11 plea agreement, to the conspiracy charge. (ECF No. 53.) Temple admitted that he communicated with customers to arrange sales of crack cocaine and heroin and delivered those drugs in exchange for payment. (*Id.* at PageID.126.) Now-retired District Judge Marianne O. Battani accepted the guilty plea on June 3, 2019. (ECF No. 76.) She took the Rule 11 plea agreement under advisement pending sentencing. (ECF No. 76, PageID.351.)

In the plea agreement, the parties did not agree on the sentencing guidelines range. (ECF No. 53, PageID.127.) The government anticipated that Temple would be a career offender under U.S.S.G. § 4B1.1(a) with a guidelines range of 151 to 188 months. (*Id.*) If the Court calculated a higher range, though, as a result of acceptance of responsibility or obstruction-of-justice issues, the higher guidelines range would become the government's recommended range. (*Id.* at PageID.128, Paragraph 2B.) Ultimately, the parties agreed that "pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed 188 months or the top of the government's recommended range as determined by Paragraph 2B, whichever is greater." (*Id.*) If the sentence did not exceed this level, Temple waived his right to appeal it. (*Id.* at PageID.130.)

**B.**

At the time of Temple's guilty plea, given his age and criminal history, he would have qualified as a career offender if the underlying offense of conviction was a "controlled substance offense." USSG § 4B1.1(a). Three days after Temple pled guilty, the Sixth Circuit decided *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). The Court held that the text of § 4B1.2(b) controls over the commentary, "and it makes clear that attempt crimes do not qualify as controlled substance offenses." *Id.* at 386–87. More fully, the referenced commentary to § 4B1.2 provides

that, for purposes of the career-offender guideline, the term "controlled substance offense" encompasses aiding and abetting, conspiring, and attempting to commit such offenses. USSG § 4B1.2 cmt. n.1. Because conspiracy offenses, like attempt offenses, appear only in the Commission's commentary and not in the guideline itself, the government conceded that, after *Havis*, Temple's conspiracy conviction did not qualify as a controlled-substance offense. (ECF No. 56, PageID.182–184.) Judge Battani agreed. (ECF No. 77, PageID.357–358.) And because the career offender provision did not apply, Temple's sentencing guidelines range was only 41 to 51 months. (*Id*. at PageID.358.)

## C.

Two weeks prior to the sentencing, the government filed its sentencing memorandum. (ECF No. 56.) The government argued that but for this "appellate windfall"—and had Temple pled to one of the substantive drug counts rather than the conspiracy count—Temple's guidelines range would have been 151 to 188 months. (ECF No. 56, PageID.181–182.) The government recommended a sentence of 151 months. (*Id*. at PageID.182.) Temple's recommendation was much lower: he asked the court to consider a 36-month sentence. (ECF No. 57.)[1]

In evaluating the sentencing factors under 18 U.S.C. § 3553(a), Judge Battani found that the guidelines range was "way too low for a person of [Temple's] background." (ECF No. 77, PageID.367–368.) Judge Battani considered Temple's history of drug dealing, his numerous felony convictions, and his disadvantaged upbringing. (ECF No. 77, PageID.367–369.) She also considered the need for adequate deterrence, protection of the public, and providing Temple with vocational training and medical treatment. (*Id*. at PageID.369–372.) Ultimately, Judge Battani

---

[1] Temple filed an earlier sentencing memorandum in which he asked the court to consider a sentence of 60 months (ECF No. 55), but this memorandum was withdrawn.

varied upward and imposed a sentence of 84 months' imprisonment. (*Id*. at PageID.372.) Temple did not object. (*Id*. at PageID.374.)

**D.**

Because the sentence did not exceed 188 months, Temple waived his right to appeal it under the parties' plea agreement. (ECF No. 53, PageID.130.) And in any event, Temple did not file a direct appeal. Instead, he now moves to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 69, 73.)

Temple's initial motion raised just one ground: receiving an upward variance without prior notice. (ECF No. 69.) His proposed amended petition adds others. (ECF No. 73.) He claims the sentence was "illegal" not only because of the upward variance, but because his criminal history score was enhanced without certified records of prior convictions and the court impermissibly used his presentence report to increase his criminal history points. (ECF No. 73, PageID.323.) He further argues that his counsel was ineffective for failing to object to these sentencing errors. (*Id*. at PageID.324.) The government does not oppose Temple's motion to amend his petition and believes that Temple is entitled to amend as of right. (ECF No. 75.) But the government does oppose the motion on the merits. (ECF No. 78.)

The Court will allow the unopposed amendment. *See* Fed. R. Civ. P. 15(a)(1). But this amended motion, record of prior proceedings, and governing law "conclusively show that [Temple] is entitled to no relief[,]" and thus, an evidentiary hearing is not necessary. 28 U.S.C. § 2255(b); Rules Governing § 2255 Cases, Rule 4(b).

**II.**

A federal prisoner may challenge his sentence by way of a motion filed pursuant to 28 U.S.C. § 2255. "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error

of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).

### III.

The Court begins with Temple's complaints about the way that his guidelines range was calculated and the sentence he ultimately received. He contends that the sentencing judge abused her discretion by sentencing him to 33 months above the top of the guidelines range and by using the presentence report, rather than certified records of conviction, to enhance his criminal history or sentence. (ECF No. 73, PageID.713–716.)

"Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion. Normally, sentencing challenges must be made on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citations omitted). Indeed, "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Also, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Temple's motion does not address his procedural default. He provides no cause for failing to raise these claims on direct review. He does not, for example, allege that he asked his attorney to appeal and the request was refused. (To the extent he is arguing the cause was his counsel's failure to appeal on his own, that is addressed below.) And several courts in this District have

suggested that a defendant's knowing and voluntary waiver of his right to file a direct appeal—as exists with Temple's plea agreement —is not "cause" under Section 2255. *See, e.g.*, *United States v. Williams*, No. 16-20078, 2018 U.S. Dist. LEXIS 222705, at *11 (E.D. Mich. Nov. 13, 2018), *adopted by* 2019 U.S. Dist. LEXIS 42057 (E.D. Mich., Mar. 15, 2019); *United States v. Tucholski*, 14-20346, 2016 WL 6893282, at *2, n.4 (E.D. Mich. Nov. 22, 2016); *Owens v. United States*, 2007 WL 1041121, at *6 (W.D. Mich. Apr. 4, 2007). Also, Temple's challenge to his sentence does not implicate his admission of guilt as part of his plea, so he cannot demonstrate actual innocence.

Thus, Temple is not entitled to relief on his claim that his sentence was unlawful.

### IV.

An ineffective-assistance-of-counsel-claim, however, is not subject to the procedural default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This claim may be raised in a collateral proceeding under § 2255 whether or not the defendant could have raised it on direct appeal. *Id*. To succeed on his ineffective assistance of counsel claim, Temple must establish that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id*.

Temple contends that his counsel was ineffective by failing to "object, argue, and preserve for appellate review" the ways in which he believes his sentence was illegal. (ECF No. 73, PageID.313.) None of these arguments justify vacating his sentence.

### A.

Temple appears to raise two ineffective-assistance arguments related to his 84-month sentence.

First, he says he "received 33 months above [his] guidelines high end of 51 months without receiving any prior notification of an upward variance" and that his counsel was ineffective for not objecting. (ECF No. 73, PageID.323–324.) While a district court is required to give notice if it departs from the guidelines range, it is not required to give notice of its intent to vary from the guidelines range upon consideration of the factors in 18 U.S.C. § 3553(a). *See United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015) (citing *Irizarry v. United States*, 553 U.S. 708, 714–15 (2008)); Fed. R. Crim. P. 32(h).

Additionally, the government's sentencing memo put Temple on notice that the government would be seeking a sentence well above the guidelines range. And even if Temple's guidelines range was ultimately 41 to 51 months because he was not a career offender, he still agreed to waive his right to appeal a sentence that was not higher than 188 months. So he knew he could be facing an upward variance. Thus, whether or not the district court provided advance notice of her intent to vary upward, there was no deficient performance by Temple's counsel and no prejudice to Temple.

Next, Temple contends that the 33-month upward variance "broke the C-plea" and that "his trial counsel had no reasonable basis for not seeking appellate review of the district court's errors." (ECF No. 73, PageID.318.) Temple misunderstands the plea agreement. The terms of the C-plea were that "the sentence of imprisonment . . . may not exceed 188 months or the top of the government's recommended range as determined by Paragraph 2B, whichever is greater." (ECF No. 53, PageID.128.) Thus, Temple's 84-month sentence was compliant with the agreement. He waived his right to appeal any sentence that did not exceed 188 months. (ECF No. 53, PageID.130.)

So his counsel's decision to not appeal the 84-month sentence was perfectly reasonable. There was no deficient performance or prejudice.[2]

**B.**

Temple's final two ineffective-assistance arguments can be handled together. Temple finds fault with the sentencing judge's use of the presentence report to calculate his criminal history and his trial counsel's failure to object to the same. (ECF No. 73, PageID.317.) He says the "alleged convictions" (presumably the ones set forth in the presentence report) were not based on sufficiently reliable information or certified copies of conviction. (*Id.*)

In support, Temple relies on *United States v. Ferguson*, 681 F.3d 826 (6th Cir. 2012). He says that under *Ferguson*, a presentence report "can never be a record of a convicting court" and may not be considered "to determine eligibility for a sentence." (ECF No. 73, PageID.318.)

The *Ferguson* court, however, was addressing a different issue. There, the judge enhanced the defendant's sentence, and so the framework set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), applied. *Id.* at 832. Under this framework, "a sentencing court may look 'only to the statutory definition[] of the prior offense[], and not to the particular facts underlying th[at] conviction[],' to determine whether a prior conviction qualifies for a federal sentencing enhancement." *Id.* (quoting *Taylor*, 495 U.S. at 600). As relied on by Temple, the Sixth Circuit then explained:

> This Court has held that "a PSR prepared for a federal district-court sentencing can never be a record of a convicting state court," and thus it "may not properly be considered [to determine eligibility for a sentence enhancement]." This Court has

---

[2] Temple makes a passing reference to the sentence being "substantively unreasonable." (ECF No. 73, PageID.318.) A claim of substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Temple makes no such showing. Again, there was nothing deficient or prejudicial about counsel's failure to appeal an 84-month sentence that his client agreed not to appeal.

> cautioned against relying on a PSR's description of the factual circumstances underlying a prior conviction in determining a defendant's eligibility for a sentence enhancement, likening it to descriptions "that one might expect to find in a police report or application for criminal complaint." Therefore, the district court erred in relying on the PSR and the police report in determining whether Ferguson had a prior conviction "relating to . . . abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(2).

*Id.* at 830 (internal citations and quotations omitted).

Temple's sentence, however, was not based on a sentencing enhancement. The sentencing judge did not use the presentence report to determine whether Temple had any prior qualifying convictions (for such an enhancement). Instead, the court simply used the report to calculate Temple's criminal history points based on the mere existence of his prior convictions. These criminal history points then determined his criminal history category. *See* U.S.S.G. §§ 4A1.1, 4A1.2. There was nothing improper about this use of Temple's presentence report. *See, e.g.*, *United States v. Armes*, 953 F.3d 875, 880 (6th Cir. 2020). As the government points out, "Temple doesn't contest the correctness of the score itself (15 points, for a category of VI) or suggest that any of the convictions or sentences didn't occur." (ECF No. 78, PageID.386.)

Indeed, after using the presentence report to help determine Temple's base offense level and criminal history category, the sentencing judge calculated a guidelines range of 41 to 51 months. Temple did not object to that calculation at the time and still does not object to that calculation. He agrees that his guidelines range is 41 to 51 months. (*See, e.g.*, ECF No. 73, PageID.314.) His challenge is to the upward variance from this range. But this was a function of the court's evaluation of the section 3553(a) factors and not any sentencing enhancement as a result of the specific nature of a prior conviction.

Thus, again, there was no deficient performance or resulting prejudice from trial counsel's failure to object to the way in which the sentencing judge utilized the presentence report.

9

## V.

In sum, Temple cannot establish a basis for granting his § 2255 motion. His sentencing challenges are procedurally defaulted, and he has not established any deficient performance by his trial counsel. So the Court DENIES his motion to vacate, set aside, or correct his sentence. (ECF Nos. 69, 73.) Nor is Temple entitled to a certificate of appealability as he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated: December 8, 2020

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
